UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :

      v.                :       25-CR-141 (MAU)

ANTHONY GRANT         :

### DEFENDANT'S OPPOSITION
### TO GOVERNMENT'S MOTION FOR PRETRIAL DETENTION

Pending before this Honorable Court is the government's request to detain Anthony Grant pretrial, pursuant to 18 U.S.C. § 3142(f)(1)(D) and (f)(1)(E). Because there is a combination of conditions of release that would reasonably assure Mr. Grant's appearance in court and the safety of the community, the government's request should be denied. Releasing Mr. Grant to the third-party custody of his grandmother and mother under home incarceration with location monitoring under the Pretrial Services Agency's High Intensity Supervision Program (HISP) would reasonably assure the safety of the community and Mr. Grant's appearance in court. At the August 19, 2025 hearing on the government's motion, the Court requested that Mr. Grant submit a list of analogous cases in which defendants accused of both drug trafficking offenses and firearm offenses were released. In response, counsel submits the following examples.

1. *United States v. Cevin Belton*, **25-cr-168, ECF 5, 6 (MJS/JEB/TNM)** – The government alleged that Mr. Belton ran from police and threw a firearm. During a search incident to arrest, police found approximately 15 grams of crack cocaine and 3 grams of suspected fentanyl, and during a post-arrest interview Mr. Belton admitted to being "a weed and coke dealer." Mr. Belton was previously convicted of robbery with a dangerous weapon and was accused of multiple parole violations. The government appealed the release order, and Chief Judge Boasberg denied the appeal.

2. *United States v. Quante Wiggins*, **23-cr-109, ECF 7 (RMM/JEB)** – Mr. Wiggins was driving a car when police attempted to conduct a traffic stop. Mr. Wiggins fled and

crashed the car. He then fled on foot. Police pursued him and saw him toss a gun. Police recovered a machine gun from the area of the foot chase. From the car, police recovered nine grams of crack cocaine and multiple boxes of clear plastic bags. Mr. Wiggins had a prior gun conviction. The government did not appeal the release order.

3. *United States v. Willie Walker*, **22-cr-342 (ZMF/CRC), ECF 8** – Mr. Walker was arrested with a machine gun, 15 grams of cocaine base, an unknown amount of fentanyl, nearly 600 grams of marijuana, brass knuckles, and a machete. Mr. Walker had multiple prior convictions, including two prior drug trafficking convictions and convictions for a Bail Reform Act, aggravated assault, and robbery. The government did not appeal the release order.

4. *United States v. Dremale Vanterpool*, **25-cr-138, ECF 1-1 (GMH/RJL)** – Mr. Vanterpool is accused of running from a car and throwing a loaded firearm and a baseball-size bag of crack cocaine. His prior convictions include eluding arrest with aggravating factors, discharging a firearm and assault with intent to kill. The charges were originally no-papered, but then refiled in Superior Court where he was on release and doing well before the charges were filed in federal court. The government did not appeal the release order.

5. *United States v. Paul Dixon Mickens*, **25-cr-048, ECF 6, 7 (GMH/AHA)** – Mr. Mickens is not charged with a drug trafficking offense, but police alleged that both a firearm and crack cocaine were found in his car. Mr. Mickens was on parole at the time of the charged firearm offense for assault on a police officer and distribution of a controlled substance and a separate assault with a deadly weapon that occurred at the D.C. Jail. He also had older convictions for prison breach and misdemeanor offenses. The government did not appeal the release order, but Mr. Mickens later conceded detention because the parole board ordered him detained.

Respectfully submitted,

A. J. KRAMER
FEDERAL PUBLIC DEFENDER

/s/

MARY MANNING PETRAS
Assistant Federal Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004
(202) 208-7500